## Frank J. Jacoby v. Lena Stark.

1. Appellate Court Practice—*Harmless Errors Should Not Reverse a Judgment.*—Harmless errors should not reverse a judgment.

2. Instructions—*Party Can Not Complain of an Error He Himself Induced.*—Where a party has led the court to give an erroneous instruction he can not be heard to insist upon a reversal for such error.

Breach of Promise, of marriage. Appeal from the Circuit Court of McLean County; the Hon. Colostin D. Myers, Judge presiding. Heard in this court at the November term, 1902. Affirmed. Opinion filed April 30, 1903.

Livingston & Bach and Welty & Sterling, attorneys for appellant.

Kerrick & Bracken, attorneys for appellee.

Mr. Presiding Justice Wright delivered the opinion of the court.

This was a suit against appellant by appellee for a breach of promise of marriage. Verdict for $2,100, and judgment, from which this appeal was taken. Various errors have been assigned and argued to effect a reversal, chiefly that the court erred in its instructions to the jury, and that the damages are excessive and punitive.

The evidence of the promise of marriage made by appellant to appellee and its breach is undisputed. There was no legal or moral excuse why appellant should not have been true to his engagement. The evidence convinces us

that the breaking off of his engagement to marry appellee was heartless. The chief reason urged upon our attention for which a reversal of the judgment is sought, is that the court instructed the jury they might award punitive damages, and it is argued such is not the law. That there may be cases of this kind where punitive or exemplary damages are proper to be awarded is, we think, the settled and elementary law, but whether this case is of that nature may be unnecessary for us to determine. The instructions asked by appellant, some of which were given by the court, might well have led the court to understand that both sides were then conceding the case was a proper one for the consideration by the jury of exemplary damages, and that the case was being tried upon that theory. We think the appellant led the court to giving the instructions complained of, and he can not be heard at this time to insist upon a reversal for an error he induced himself. Besides all this we can not presume the jury awarded exemplary damages, and when the circumstances of the case are considered, we feel satisfied the appellee recovered no more damages than she actually sustained in consequence of appellant's wrongfully refusing to marry her, after his promise to do so, and if it was error to give the instructions relative to exemplary damages, appellant was not harmed by them. Harmless errors should not reverse the judgment. Believing the verdict right, and that it expresses the justice of the case as it appears from all the evidence, the judgment will be affirmed.